# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KARA MCINTOSH, #357-048 | * | |
| Petitioner | * | |
| v | * | Civil Action No. JFM-11-509 |
| | | Criminal Action No. JFM-08-533 |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM

Pending is Kara McIntosh's Motion to Vacate, Set Aside or Correct under 28 U.S.C. § 2255. Counsel for respondent moves to dismiss the motion as untimely, and McIntosh has filed a response. The matter is briefed and ready for disposition; a hearing is deemed unnecessary. *See* Local Rule 105.6 (D. Md. 2010). For reasons that follow, the motion will be dismissed as time-barred.

## BACKGROUND

McIntosh pleaded guilty to mail fraud in violation of 18 U.S.C. § 1341, and on November 4, 2009, the court sentenced her to thirty-six months incarceration and ordered her to pay restitution. An amended judgment correcting a clerical mistake was issued on December 9, 2009. McIntosh filed no appeal in this case. For the purpose of assessing timeliness, the court deems the § 2255 motion filed on February 15, 2011, the date it was delivered to prison officials for mailing. ECF No. 58. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (rejecting limitations defense due to applicability of mail-box rule to petition filed pursuant to 28 U.S.C. § 2255).

## LIMITATIONS PERIOD

Petitions filed under 28 U.S.C. §2255 must be filed within one year of the date the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(1).[1] Under the facts of this case,

---

[1] Section 28 U.S.C. §2255 provides in pertinent part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

McIntosh's conviction became final for the purpose of running the one-year limitations period on the date this court entered judgment because she did not note an appeal. *See Clay v. United States*, 537 U.S. § 522, 525 (2003); *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (noting that when no appeal is taken, the limitations period starts running on the date the court enters judgment). Consequently, the limitations period began to run in this case on November 4, 2009, and expired one year later on November 4, 2010, thereby rendering the Motion time-barred unless principles of equitable tolling apply.[2]

## EQUITABLE TOLLING

The one-year limitation period in § 2255 proceedings is subject to equitable tolling. *See Holland v. Florida*, _U.S. _ 130 S.Ct. 2549, 2560 (2010). In order to be entitled to equitable tolling, the movant must show (1) that she has diligently pursued her legal rights and (2) that some extraordinary circumstance prevented the timely filing of her § 2255 motion. *See id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *United States v. Sosa*, 364 F. 3d 507, 512 (4th Cir. 2004) (citing *Rouse v. Lee*, 2339 F.3d 238, 246 (4th Cir. 2003) (en banc).

McIntosh, who is self-represented in this matter, claims that her attorney, Katrice Stinson provided ineffective assistance of counsel. McIntosh presented her complaints about counsel to the Attorney Grievance Commission of Maryland, and now asserts that equitable tolling applies to this § 2255 proceeding because McIntosh had to wait one year for the decision in the state proceeding and government counsel was aware that the matter was before the Circuit Court for

---

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[2] The motion remains untimely even if the amended judgment date were considered and the fourteen-day notice of appeal period, *see* Fed. R. App. P. 4(b), factored into the calculation.

Anne Arundel County.[3] McIntosh further notes that "[a]lthough no direct appeal was filed in the fraud case, collateral [sic] proceedings were filed in a timely manner …." ECF No. 62. p. 2.

McIntosh appears to believe that the attorney grievance proceeding tolled the one-year period for seeking federal habeas relief. *See* 28 U.S.C. § 2244(d)(2).[4] In this case, the state court decision by the Attorney Grievance Commission was rendered on July 16, 2010, and McIntosh did not file the instant §2255 petition until seven months later. McIntosh provides no explanation why she delayed filing in federal court after the state decision was issued. Further, no facts suggest that government counsel impeded McIntosh's ability to file a timely § 2255 motion.[5]

Although McIntosh's untimely filing might be predicated on an erroneous understanding of the law, the facts presented do not amount to extraordinary circumstances that warrant equitable tolling. *See, e.g., Rouse*, 339 F.3d at 246. The facts neither demonstrate diligent pursuit of legal rights nor extraordinary circumstances that entitle McIntosh to equitable tolling. Accordingly, the motion will be dismissed as time-barred.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue under 28 U.S.C. § 2253(c) (1) (A) only if the applicant has made a substantial showing of the denial of a constitutional right. "A [COA] may

---

[3] The case was sent to the Circuit Court for Anne Arundel County in accordance with Maryland Rule 16-757. On July 16, 2010, after a two-day hearing, the court found Stinson's conduct violated Maryland Rules of Professional Conduct 1.5 (fees), 1.15 (safekeeping property), 1.16 (declining or terminating representation), 7.5 (firm letterhead), and 8.4 (misconduct). ECF No. 58, Exhibit 2, *Attorney Grievance Commission of Maryland v. Katrice Stinson*, Case No. C-10-149653.

[4] Section 2244 (d) (2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

McIntosh does not provide any legal authority to demonstrate that an attorney grievance proceeding serves to toll the one-year limitations period. Attorney grievance proceedings do not provide prisoners with the relief available under state post-conviction proceedings.

[5] McIntosh request for alternate consideration under former Rule 35(a) of the Federal Rules of Criminal Procedure does is unavailing. (ECF No. 62). Former Rule 35(a) provides, "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence [which is 120 days]." Fed. R. Crim. P. 35(a) (1985); *United States v. Rivera,* 376 F.3d 86, 91-92 (2d Cir. 2004). This rule applies only to those offenses completed prior to November 1, 1987. *Rivera*, 376 F.3d at 91-92; *United States v. Landrum*, 93 F.3d 122, 125 (4th Cir.1996) (citations omitted).

issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c) (2). To make such a showing, the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Petitioner has not made the requisite showing, and a certificate of appealability shall be denied.

## CONCLUSION

Absence any basis to warrant equitable tolling, the Petition will be dismissed as time-barred by separate Order, and a certificate of appealability shall be denied.



__March 31, 2011_____  /s/_____
Date                          J. Frederick Motz
                              United States District Judge